CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
MAR 20 2015
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DARRELL EUGENE FARLEY, <br> Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:14-cv-00713 |
| v. | ) <br> ) | MEMORANDUM OPINION |
| VA DEPT OF CORRECTIONS, et al., <br> Defendants. | ) <br> ) <br> ) | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Darrell Eugene Farley, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On February 6, 2015, the court conditionally filed the complaint, advised Plaintiff that the complaint presented misjoined claims against misjoined defendants, and required Plaintiff to file a new pleading without misjoined claims and defendants that would "stand[] by itself without reference to a complaint, attachments, or amendments already filed." The court also advised Plaintiff that it would not refer to Plaintiff's prior filings, that prior filings should not be referenced in the forthcoming pleading, and that the forthcoming pleading must conform to Rules 8 and 10 of the Federal Rules of Civil Procedure.

On February 18, 2015, the court received Plaintiff's first motion to amend (ECF No. 28), and on February 23, the court received Plaintiff's second motion to amend (ECF No. 29). These motions to amend were written before Plaintiff received the conditional filing order. Finally, the court received Plaintiff's third motion to amend (ECF No. 30), which was filed specifically in response to the court's order about misjoined claims and defendants.

None of these motions to amend cure the deficient complaint as they all intend to prosecute misjoined claims against misjoined defendants. For example, the claims in the third motion to amend span events from before arriving at the prison to all sorts of subsequent interactions with various staff, including access to the law library, complaints about the privacy

of showers and phone calls, and receipt of medical care.[1] "Unrelated claims against different defendants belong in different suits . . . ." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). None of Plaintiff's pleadings or motions set forth a claim that properly joins all defendants, and I decline to choose which claims may best proceed in this action, effectively becoming Plaintiff's counsel. See, e.g., Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff). Plaintiff received notice of the complaint's deficiencies and the opportunity to submit a pleading that, even if liberally construed, conformed to the legal requirements expected of all plaintiffs. Despite the notice and opportunity, Plaintiff has failed to do so, in violation of the court's prior order. Accordingly, I deny the motions to amend and dismiss the complaint due to Plaintiff's failure to comply with a court order. Because it is possible for Plaintiff to cure the pleading's deficiencies and continue the litigation in a future, separate action, the dismissal will be without prejudice. See, e.g., Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1066-67 (4th Cir. 1993).

ENTER: This 20th day of March, 2015.

*Jackson L. Kiser*
Senior United States District Judge

---

[1] Additionally, the complaint and motions to amend largely fail to give Defendants "fair notice of what . . . [Plaintiff's] claim[s] [are] and the grounds upon which [they] rest[]." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). Due to Plaintiff's failure to comply, however, I decline to screen his submissions pursuant to 28 U.S.C. §§ 1915 and 1915A and 42 U.S.C. § 1997e until such time Plaintiff can comply with the court's order to file a complaint that conforms to the Federal Rules of Civil Procedure. Plaintiff is advised that even pro se litigants must "stop-and-think before initially making legal . . . contentions" and "conduct a reasonable inquiry into the law and facts before signing pleadings, written motions, and other documents[.]" Fed. R. Civ. P. 11 advisory committee's note (1993) (internal quotation marks omitted).